IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| ANTWAN JONES, | |
| Movant, | CIVIL ACTION NO.: 2:16-cv-97 |
| v. | |
| UNITED STATES OF AMERICA, | (Case No. 2:12-cr-9) |
| Respondent. | |

**ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

More than four years ago, this Court sentenced Antwan Jones ("Jones") to 137 months' imprisonment following his conviction for possession with intent to distribute controlled substances. Jones, who is currently incarcerated at the Federal Correctional Institution-Low in Yazoo City, Mississippi, has now filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. (Doc. 83.)[1] Jones contends that the Court must resentence him following the United States Supreme Court's decision in Johnson v. United States, ___ U.S. at ___, 135 S. Ct. 2551 (June 26, 2015). (Id.) Johnson invalidated the Armed Career Criminal Act's ("ACCA") residual clause. This Court did not rely upon the ACCA, much less the Act's residual clause, in any way during Jones' sentencing proceedings. However, Jones points out

---

[1] The pertinent record documents in this case are filed on the docket of Jones' criminal case, United States v. Jones, 2:12-cr-9 (S.D. Ga. June 6, 2012), and many are not included in Jones' civil docket. Thus, for ease of reference and consistency, the Court cites to Jones' criminal docket in this Order and Report and Recommendation. Jones previously filed a Section 2255 motion, (doc. 71), and a motion to dismiss that motion, (doc. 78). While the Court ruled on those motions on March 14, 2016, (doc. 81), the Clerk of Court failed to terminate these motions on Jones' criminal docket. The Court **DIRECTS** the Clerk of Court to correct this mistake and terminate docket numbers 71 and 78 in Jones' criminal docket, in accordance with this Court's prior Order.

that his advisory Sentencing Guidelines' range turned on his classification as a career offender under the Sentencing Guidelines, U.S.S.G. §§ 4B1.1 and 4B1.2. Section 4B1.2(a)(2) contains language similar to the ACCA's residual clause. Nonetheless, following Jones' instant Section 2255 Motion, the Supreme Court held that <u>Johnson</u> does not apply to the Guidelines and has specifically held that the decision does not invalidate Section 4B1.2(a)(2)'s definition of a "crime of violence." <u>Beckles v. United States</u>, ____ U.S. ____, 137 S. Ct. 886 (Mar. 6, 2017).

Because Jones does not raise a valid <u>Johnson</u> claim, he filed his Motion well outside of the one-year statute of limitations of 28 U.S.C. § 2255(f). Thus, I **RECOMMEND** that the Court **DISMISS** Jones' Section 2255 Motion, (doc. 83), as untimely. Alternatively, to the extent that the Court reaches the merits of Jones' arguments, it should **DENY** his Motion. Further, I **RECOMMEND** that the Court **DENY** Jones a Certificate of Appealability and *in forma pauperis* status on appeal and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

## BACKGROUND

On June 6, 2012, a grand jury for this District charged Jones with: possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count One); possession with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count Two); and possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Three). (Doc. 1.) The Government's Penalty Certification stated that Jones faced not more than ten years' imprisonment as to each of Counts One and Three and not more than twenty years' imprisonment as to Count Two. (Doc. 2.)

However, Jones and his trial counsel were able to negotiate a plea agreement with the Government whereby Jones agreed to plead guilty to Count Two of the Indictment in exchange

for the Government moving to dismiss the remaining counts.  (Doc. 46.)  On November 9, 2012, Jones appeared before the Honorable Lisa Godbey Wood for a change of plea, or Rule 11, hearing.  (Doc. 44.)  Before accepting Jones' guilty plea, Judge Wood engaged in an extensive plea colloquy with Jones to ensure that Jones fully understood his rights and the charges against him, as well as the maximum penalties associated with those charges, and that Jones made his decision to plead guilty knowingly, voluntarily, and intentionally.  (Doc. 65.)

Prior to Jones' sentencing hearing, United States Probation Officer Brian Mills prepared a Pre-Sentence Investigation report ("PSI").  Probation Officer Mills detailed Jones' offense conduct and criminal history and calculated Jones' statutory penalties, as well as his advisory Guidelines' range.  Officer Mills concluded that Jones was a career offender under U.S.S.G. § 4B1.1 because: (1) Jones was at least eighteen years old at the time he committed the offenses in this case; (2) the offense Jones pleaded guilty to was a controlled substance offense; and (3) Jones had three prior felony convictions for controlled substance offenses.  (PSI, ¶¶ 29, 39, 40, 41.)  Jones' offense level of 29 under Section 4B1.1, combined with a criminal history category of VI, resulted in a recommended Guidelines' sentencing range of 151 to 188 months. (Id. at ¶ 74.)

Jones' counsel levied objections to the PSI.  (PSI Addendum.)  Specifically, he argued that Jones should not receive a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm in connection with the offense conduct.  (Id.)  Additionally, counsel filed a motion for downward departure, adjustment for time served in state custody, and/or request that sentence be imposed concurrent with remainder of state sentence.  (Doc. 52.)

On July 29, 2013, Jones appeared before Judge Wood for a sentencing hearing. (Doc. 55.)  Judge Wood overruled Jones' counsel's objection to the Section 2D1.1(b)(1)

enhancement. (Doc. 66, pp. 25–27.) Judge Wood concurred with and adopted the factual statements and conclusions in the PSI and found a Guidelines' range of 151 to188 months' imprisonment. (Id.) However, based on Jones' counsel's motion for downward departure, his arguments at sentencing, and the sentencing factors of 18 U.S.C. § 3553, Judge Wood varied downward from the Guidelines' range and sentenced Jones to 137 months' imprisonment. (Id. at pp. 42–44.) Pursuant to the plea agreement, Judge Wood dismissed the remaining counts of the Indictment against Jones. (Doc. 56.)

On March 27, 2014, Jones filed a notice of appeal. (Doc. 59.) On December 17, 2014, the Eleventh Circuit Court of Appeals dismissed that appeal as untimely. (Doc. 69.) On February 26, 2015, Jones filed his first motion to vacate under Section 2255. (Doc. 71.) The Government responded that Jones' motion was untimely and meritless. (Doc. 76.) Jones then moved to dismiss his first Section 2255 motion without prejudice, and the Court granted that request. (Docs. 78, 81.)

In his instant Section 2255 Motion, Jones argues that his counsel was ineffective and that the Court must revisit his sentence. (Doc. 83.) He argues that the Supreme Court's decision in Johnson should apply to Section 4B1.2 and invalidate his career offender designation. (Doc. 83.) The Government responded to Jones' Motion and argues that the Eleventh Circuit had held that Johnson does not apply at all in the context of the advisory Sentencing Guidelines, and specifically, does not apply to the career offender Guideline. (Doc. 85, pp. 2–4.) Further, the Government asserts that, even if Johnson invalidated the Guidelines' definition of "crime of violence," Jones' career offender designation was not based on that definition. Rather, he was designated a career offender due to his convictions for "controlled substance offenses." (Id.) The Government further argues that Jones' claims of ineffective assistance of counsel are

untimely, just as they were when Jones raised them in his first Section 2255 motion. (Id. at p. 4.) Jones filed a Reply to the Government's Response and points out that the Supreme Court granted certiorari in Beckles to decide whether Johnson applied to Section 4B1.2. (Doc. 86.)

## DISCUSSION

### I.   Whether Jones Timely Filed his Petition

To determine whether Jones timely filed his Motion, the Court must look to the applicable statute of limitations period. Motions made pursuant to 28 U.S.C. § 2255 are subject to a one-year statute of limitations period. 28 U.S.C. § 2255(f). This limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Jones was sentenced on July 29, 2013, and the Court entered final judgment on August 2, 2013. (Doc. 56.). Jones had fourteen (14) days, or until August 16, 2013, to file a notice of appeal. Fed. R. App. P. 4(b)(1)(A)(i); Fed. R. Civ. P. 6(a); Murphy v. United States, 634 F.3d 1303, 1307 (11th Cir. 2011) (noting that, when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review

expires). Because Jones did not file a timely appeal, he had until August 18, 2014,[2] to file a timely Section 2255 motion. 28 U.S.C. § 2255(f)(1). Jones did not execute his instant Section 2255 Motion until June 22, 2016, which was a year and ten months after the expiration of the applicable statute of limitations period. (Doc. 83, p. 13.) Consequently, Jones' Motion is untimely under Section 2255(f)(1). While Jones filed an untimely appeal, that does not toll Section 2255(f)'s statute of limitations. Montas v. United States, No. 14-20433-CR, 2016 WL 269891, at *3 (S.D. Fla. Jan. 22, 2016) ("[A]n untimely notice of appeal does not toll the one year limitation contained in § 2255.") (quoting Philentrope v. United States, No. 11-2177, 2011 WL 4913569, at *2 (M.D. Fla. Oct. 14, 2011)). Further, even if Jones' appeal did somehow toll the limitations period, he filed this Section 2255 Motion more than a year after the Eleventh Circuit dismissed the appeal.

Jones argues that he timely filed his Motion under Section 2255(f)(3) because Johnson is a new rule of constitutional law made retroactive to cases on collateral review. (Doc. 83, p. 12.) Indeed, in Welch v. United States, ___ U.S. ___, 136 S. Ct. 1257 (Apr. 18, 2016), the Supreme Court held that Johnson is a substantive decision which applies retroactively to cases on collateral review. Thus, if Jones actually asserted a right newly recognized by the Supreme Court in Johnson, Section 2255(f)(3) could allow Jones to bring his Section 2255 Motion. However, as discussed in Section II below, Jones does not bring a cognizable Johnson claim. Because Jones does not bring a valid Johnson claim, he cannot rely upon Johnson to excuse the untimeliness of his Section 2255 Motion.

Moreover, even if Jones made timely claims under Johnson, he could not use those claims to open the door to other non-Johnson claims. Zack v. Tucker, 704 F.3d 917, 922–26

---

[2] August 16, 2014, was a Saturday. Thus, Jones had until the following Monday to file his Section 2255 Motion. Fed. R. Crim. P. 45(a)(1)(C); Fed. R. Civ. P. 6(a)(1)(C).

6

(11th Cir. 2013) (habeas limitations periods apply on a claim-by-claim basis). Thus, regardless of the timeliness of Jones' Johnson claims, the Court must dismiss his claims of ineffective assistance of counsel as being filed well outside the statute of limitations period.

For all of these reasons, the Court should **DISMISS** Jones' Motion as untimely.

### II. Whether Johnson Applies to Jones' Guidelines' Career Offender Sentence Enhancement

In Johnson, the Supreme Court held that "imposing an increased sentence under the residual clause of the ACCA violates the Constitution's guarantee of due process[.]" ___ U.S. at ___, 135 S. Ct. at 2563. The ACCA provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18 U.S.C. § 922(g) and (2) have "three prior convictions . . . for a *violent felony* or a serious drug offense, or both." 18 U.S.C. § 924(e)(1) (emphasis added). The residual clause of the ACCA defines "violent felony" as, *inter alia*, a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). In Johnson, the Supreme Court found the "residual clause" so vague as to violate due process. See ___ U.S. at ___, 135 S. Ct. at 2557.

The "crime of violence" definition formerly contained within the Sentencing Guidelines' career offender enhancement provision is identical to the residual clause language found unconstitutional in Johnson. U.S.S.G. § 4B1.2(a)(2) (2004). Despite this similarity, the Supreme Court held in Beckles that the Johnson holding does not apply to the residual clause of the Sentencing Guidelines. In Beckles, the petitioner was arrested for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). "Due to multiple prior felonies, Beckles['] violation of 18 U.S.C. § 922(g) subjected him to the enhanced penalty provision of 18 U.S.C. § 924(e)(1)[,] and the district court found him to be an armed career criminal pursuant to that

7

statute." United States v. Beckles, 565 F.3d 832, 841 (11th Cir. 2009). "This finding, in turn, qualified Beckles for a sentence enhancement under [Section 4B1.4 of the Sentencing Guidelines]." Id. Section 4B1.4 of the Sentencing Guidelines "instructs that the appropriate offense level is . . . [*inter alia*] the offense level described in § 4B1.1, if applicable." Id. at 841–42. "Section 4B1.1, in turn, applies if":

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Id. at p. 842 (citing U.S.S.G. § 4B1.1(a) (emphasis supplied)). The term "crime of violence" previously included "any offense under . . . state law, punishable by imprisonment for a term exceeding one year, that . . . involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a) (2004). "At [Beckles'] sentencing, the district court found that § 4B1.1 was applicable . . . reasoning that two of Beckles['] prior felony convictions were for qualified controlled substances offenses, and the current 18 U.S.C. § 922(g) conviction [for being a felon in possession of a firearm] was for a 'crime of violence.'" Id.

In Beckles' subsequent Section 2255 motion, he "claimed that he was improperly sentenced as a career offender under U.S.S.G. § 4B1.1, [arguing that] his conviction for possession of a sawed-off shotgun was not a 'crime of violence.'" Beckles v. United States, 579 F. App'x 833, 833 (11th Cir. 2014), *vacated*, Beckles, ___ U.S. at ___, 137 S. Ct. at 886. The Eleventh Circuit denied Beckles' Section 2255 motion, finding Johnson inapplicable to the Sentencing Guidelines. Beckles subsequently filed a petition for certiorari in the United States Supreme Court, again contending that the Sentencing Guidelines' residual clause is void for vagueness under Johnson. The Supreme Court granted certiorari and affirmed the decision of the

8

Eleventh Circuit, holding that "the advisory Sentencing Guidelines, including § 4B1.2(a)'s residual clause, are not subject to a challenge under the void-for-vagueness doctrine." Id., ___ U.S. at ___, 137 S. Ct. at 896.  The Court reasoned that, unlike the ACCA, "[t]he advisory Guidelines [ ] do not implicate the twin concerns underlying vagueness doctrine—providing notice and preventing arbitrary enforcement."[3] Id., ___ U.S. at ___, 137 S. Ct. at 894.  The Court further distinguished the Guidelines from the ACCA because the ACCA *requires* sentencing courts to increase a defendant's prison term from a statutory maximum of 10 years to a minimum of 15 years, whereas the Guidelines are advisory.  Id., ___ U.S. at ___, 137 S. Ct. at 892.  Therefore, although the Sentencing Guidelines' residual clause and the ACCA's residual clause are identical, the Sentencing Guidelines are not subject to a void-for-vagueness challenge under Johnson because the Guidelines "merely guide the district courts' discretion[.]"  Id., ___ U.S. at ___, 137 S. Ct. at 894.

As laid out above, the Court deemed Jones a career offender under U.S.S.G. § 4B1.1(a) due to his prior convictions for controlled substance offenses. (PSI, ¶¶ 39, 40, 41.)  Jones contends that the Court should resentence him without that designation due to the decision in Johnson.  However, the Supreme Court's decision in Beckles entirely forecloses this argument.  Under Beckles, Johnson has no applicability to the Guidelines.  Therefore, Jones cannot use Johnson to challenge the Court's Guidelines' calculation.  Indeed, in his Reply, Jones acknowledged the importance of Beckles to his claims, as he asked the Court to hold his Motion

---

[3] Specifically, the Supreme Court found that "even perfectly clear Guidelines could not provide notice to a person who seeks to regulate his conduct so as to avoid particular penalties within the statutory range." Beckles, ___ U.S. at ___, 137 S. Ct. at 894.  As to arbitrary enforcement, the Guidelines "do not regulate the public by prohibiting any conduct or by 'establishing minimum and maximum penalties for [any] crime.'"  Id., ___ U.S. at ___, 137 S. Ct. at 895 (citing Mistretta v. United States, 488 U.S. 361, 396, (1989)).  "Rather, the Guidelines advise sentencing courts how to exercise their discretion within the bounds established by Congress."  Id.

in abeyance pending the outcome of Beckles. That case having now been decided adversely to Jones' position, Johnson cannot provide him any relief.

Furthermore, even if the Supreme Court had held that Johnson invalidated Section 4B1.2's definition of "violent felony," Jones would still be properly designated a career offender. The Guidelines' definition of a "controlled substance offense" does not in any way mirror the ACCA's residual clause. See U.S.S.G. § 4B1.2(b) (defining "controlled substance offense" as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense."). Jones was designated as a career offender because he unquestionably has at least two prior convictions for controlled substance offenses. He fails to explain how the decision in Johnson could invalidate that designation.

For all of these reasons, the Court should **DENY** Jones' claim that Johnson invalidates his Guidelines' career offender classification and resulting sentence.

### III.   Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Jones leave to appeal *in forma pauperis* and a Certificate of Appealability. Though Jones has, of course, not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. Pursuant to Rule 11 of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (Emphasis supplied); see also Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196,

1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of the pleadings and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. If the Court adopts this recommendation and denies Jones a Certificate of Appealability, Jones is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** Jones *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DISMISS** Jones' Motion, (doc. 83), as untimely. Alternatively, to the extent that the Court reaches the merits of Jones' arguments, I **RECOMMEND** the Court **DENY** his Motion. I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Jones a Certificate of Appealability and *in forma pauperis* status on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be

served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 12th day of February, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA