FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 8:39 am, Jun 26, 2020

# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CR 212-009 |
| ANTWAN JONES, | |
| Defendant. | |

## ORDER

Before the Court is Defendant Antwan Jones' motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act.  Dkt. No. 96.  For the reasons below, Jones' motion is **DISMISSED**.

## BACKGROUND

In November 2012, under a written plea agreement, Jones pleaded guilty to possession with intent to distribute a controlled substance (cocaine base), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C).  Dkt. Nos. 45, 46.  In August 2013, the Court sentenced Jones to 137 months' imprisonment with the Bureau of Prisons ("BOP").  Dkt. No. 56.  Jones directly appealed, and the Court of Appeals dismissed his appeal as untimely.  Dkt. Nos. 59, 69.  According to the BOP website, Jones is currently incarcerated at FCI Coleman Low, located in Sumterville, Florida, with a projected release date of October 4, 2023.

Now Jones moves the Court for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Jones' motion is based on the COVID-19 pandemic and his concern for his health. Jones also cites his family circumstances and rehabilitation efforts in support of his motion. Jones, however, has not averred that he has exhausted his administrative remedies with the BOP as required by 18 U.S.C. § 3582(c)(1)(A).

## DISCUSSION

Before a prisoner can file a motion under 18 U.S.C. § 3582, he must first have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id. § 3582(c)(1)(A). Here, Jones does not allege in his motion that he attempted to exhaust his administrative remedies. See Dkt. No. 96.

The BOP has an administrative process in place to determine how best to respond to the risk each individual inmate faces from COVID-19. The exhaustion requirement allows the BOP to apply that process in a timely and orderly manner without giving preferential treatment to inmates who prematurely file motions with the Court. Having found that Jones has failed to exhaust his administrative remedies, the Court concludes that it does not have jurisdiction to decide Jones' request. See United States v. Matthews, No. 5:01-

2

cr-18, 2020 WL 1845101, at *2 (M.D. Ga. Apr. 10, 2020) ("Because '[n]othing in the record . . . indicates [petitioner] exhausted his administrative remedies before filing his request,' the Court does not have jurisdiction to consider the motion." (quoting United States v. Coates, 775 F. App'x 669, 671 (11th Cir. 2019))).

Accordingly, Jones' motion for compassionate release, dkt. no. 96, is **DISMISSED**.

**SO ORDERED**, this 25 day of June, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3