UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA

v.

ANTWAN JONES

Case No. 2:12cr009

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a

reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable

factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the

Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of        is reduced to

. If this sentence is less than the amount of time the defendant already served, the sentence

is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the

defendant's residence and/or establishment of a release plan, to make

appropriate travel arrangements, and to ensure the defendant's safe

release. The defendant shall be released as soon as a residence is verified,

a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of            months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

2

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before            , along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

Defendant contends his medical conditions, i.e. recent cataract surgery, a 2016 upper respiratory infection, and his race, together with the risks associated with COVID-19, warrant compassionate release pursuant to 18 U.S.C. § 3582(c).  While Defendant's medical records show that he is post-cataract surgery, they do not indicate he is at an increased risk for developing serious symptoms from COVID.  Defendant's medical records also show his respiratory infection has been resolved for several years.  Moreover, Defendant does not argue or provide evidence to show that his medical conditions substantially diminish his ability to engage in self-care within his facility. As for his race, Courts have consistently held race does not qualify as an "extraordinary and compelling reason" warranting release.  And, to the extent Defendant argues the conditions of his confinement qualify as extraordinary and compelling, his argument is not cognizable.  Challenges to conditions of confinement should be brought in an action under 28 U.S.C. § 2241 or 42 U.S.C. § 1983, not 18 U.S.C. § 3582(c).  Finally, this Court has held that general concerns regarding COVID-19 alone do not qualify as extraordinary and compelling reasons warranting

3

compassionate release. Notably, Defendant has contracted and recovered from COVID, his medical records demonstrate he is relatively healthy, and he has been fully vaccinated. The Court finds that Defendant has not met his burden to show an extraordinary and compelling reason warranting release under 18 U.S.C. § 3582(c).

Even if Defendant were able to show an extraordinary and compelling reason, the Court concludes that the 18 U.S.C. § 3553(a) factors weigh in favor of denying Defendant's motion and allowing him to serve the sentence imposed. In the present case, a search of Defendant's residence revealed drug trafficking equipment along with a firearm; a search of an associated vehicle produced another firearm. Defendant pleaded guilty to possession of cocaine with intent to distribute. His sentencing guideline range was 151 to 188 months' imprisonment. The Court departed downward, sentencing Defendant to a favorable 137 months' imprisonment. Defendant's criminal history is also concerning. Notably, Defendant has been designated a career offender. Defendant's instant offense is one of many drug offenses, including possession of cocaine and possession of controlled substances with intent to distribute. Additionally, he has been convicted of discharging a firearm near a highway, carrying a concealed weapon, and obstruction. He has committed probation and parole violations; indeed, Defendant committed the instant offense while on state supervision, demonstrating he was not deterred from committing another offense. Additionally, Defendant has been sanctioned at least three times since his latest incarceration. The Court cannot conclude that Defendant would not be a danger to society upon release. To grant Defendant compassionate release at this juncture would not reflect the seriousness of his crime, promote respect for the law, provide just punishment for the offense, nor afford general or specific deterrence for similar offenses.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all

administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since

receipt of the defendant's request by the warden of the defendant's facility.


IT IS SO ORDERED.

Dated:

January **21** , 2022.

_____
UNITED STATES DISTRICT JUDGE

5